**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**


**LEONARD WINDELL WATERS,**

**Plaintiff,**

**vs.**                                                    **CASE NO. 1:07CV163-MP/AK**

**MARY MCCLENTON, et al,**

**Defendants.**

_____/


# O R D E R

Presently before the court is Plaintiff's Motion for assistance.  (Doc. 43).  In an

order dated April 15, 2009, Plaintiff was directed to file a motion setting forth in

particularity what medical records he was seeking since it appeared his medical records

from the Alachua County Jail and Prison Health Services were already on record as

exhibits to the pending motion for summary judgment.  (Doc. 42).  Two months later he

has filed a motion for assistance, but fails to explain what particular records he seeks.

(Doc. 43).  The Court will not comb through the submission of the Defendants to

ascertain whether the proof Plaintiff asserts he needs is included in the records.  Thus,

insofar as Plaintiff's motion seeks such assistance, (doc. 43), it is **DENIED**.

The Court notes that there is no response to the motion for summary judgment.

**If Plaintiff's wishes to have the argument presented in the motion for assistance**

**treated as his response to the pending motion for summary judgment, he must so**

**advise the Court by October 16, 2009.**  He should also be advised of his burden in

opposing summary judgment.

"[S]ummary judgment may not be entered against a party unless the court has

strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)."

Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright,

772 F.2d 822, 824-25 (11th Cir. 1985).  This requires that the Court give express 10 day

notice of the summary judgment rules, of the right to file affidavits or other material, and

the consequences of default;  *i.e.*, the fact that final judgment may be entered without a

trial and that the moving party's evidence may be accepted as true if not contradicted by

sworn affidavits.  *Id.*  This order is entered in compliance with Brown and Griffith.

Plaintiff is advised that in opposing the motion he is the nonmoving party, and as

Plaintiff he bears the burden of proof.  In this situation, Defendants need not negate

Plaintiff's claim.  Rather, the burden on a defendant moving for summary judgment is to

demonstrate an absence of evidence to support the plaintiff's case.  Celotex

Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265

(1986).  In opposition, Plaintiff must come forward with **evidentiary material**

demonstrating a genuine issue of fact for trial.  Reliance on the pleadings is inadequate.

477 U.S. at 324.  Evidentiary material which would be acceptable in opposition to the

motion includes sworn affidavits, sworn documents, or other evidence indicating the

existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e).  Sworn affidavits

offered in opposition to the motion must be based on personal knowledge, set forth

**No. 1:07cv163-MP/AK**

such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(e).

The Court will take the motion for summary judgment under advisement on **October 16, 2009**.  Plaintiff must file all argument and evidence in opposition to summary judgment **before** that date.  If additional time is needed, Plaintiff must file a motion for extension of time (describing why the time is needed and how much time is necessary) **before** the date on which the motion will be taken under advisement.  The file will be referred to the undersigned on that date, and any delay in entry of a report and recommendation after that date will be due to the need to adjudicate motions in other cases which have become ready for adjudication earlier than this case.  Defendants need not file any further materials if they wish to rely upon the materials submitted with their motion.

Accordingly,

It is **ORDERED:**

The parties are advised that the motion for summary judgment will be taken under advisement on **October 16, 2009,** and a report and recommendation will be entered after that date.  Plaintiff must file his response to the motion on or before that date or advise the Court that he wishes the motion for assistance to be treated as his response.

**DONE AND ORDERED** this 18th day of September, 2009.

s/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**No. 1:07cv163-MP/AK**