IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEONARD WINDELL WATERS,

    Plaintiff,

vs.                                      Case No. 1:07cv163-MP/WCS

MARY McCLENTON, L.P.N. and
RON WOHL, A.R.N.P.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

      This § 1983 suit was filed by Leonard Windell Waters and is pending upon the third amended complaint. Doc. 21. Waters sues two health care providers at the Alachua County Jail, contending that the health care he received violated the Eighth Amendment. Defendants then filed a motion for summary judgment, which is pending. Doc. 40. Plaintiff was informed of his obligations to respond to this motion, and October 16, 2009, was set for taking the motion under advisement. Doc. 44. That time was extended to December 21, 2009, doc. 46, and to March 5, 2010. Doc. 51. The time has expired and Plaintiff has not filed a response.

Defendants answered the complaint. Doc. 36. One affirmative defense is that Plaintiff failed to exhaust his administrative remedies before filing this suit. *Id.*, p. 4. Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008), *relying on* Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007).

The motion for summary judgment contends that Plaintiff failed to exhaust his administrative remedies at the Alachua County Jail while he was then a prisoner. Marrietta Hardy, the Health Services Administrator, states in her affidavit that she searched the grievance records and found no record of any grievance filed by Plaintiff concerning the health care he received at the Alachua County Jail during the time relevant to this complaint, primarily the year 2007, or at any other time. Doc. 40, Affidavit of Marrietta Hardy (doc. 40-1 on the electronic docket). Plaintiff has come forward with no Rule 56(e) evidence to create a genuine dispute as to this material fact.

Plaintiff was a prisoner at the Alachua County Jail on September 5, 2007, when he filed this suit. Docs. 1 and 4. He was still there when he filed his first amended complaint, on February 5, 2008, his second amended complaint, on April 10, 2008, and his third amended complaint, the one pending before this court, on May 13, 2008. Docs. 13, 18, 21.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any *jail*, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)

(emphasis added).  The exhaustion requirement applies to a person like Plaintiff, who was incarcerated when he filed suit even though, at this time, he is not in custody. Harris v. Garner, 216 F.3d 970, 974-975 (11th Cir. 2000) (*en banc*); Troville v. Venz, 303 F.3d 1256, 1260 n.4 (11th Cir. 2002) (citing Harris v. Garner).

The exhaustion requirement of § 1997e(a) is mandatory.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  The Court may not consider the adequacy or futility of administrative remedies, but only the availability of such.  Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing* Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007).

Accordingly, it is **RECOMMENDED** that Defendants' motion for summary judgment, doc. 40, be **GRANTED** because Plaintiff failed to exhaust his administrative remedies before filing this suit pursuant to 42 U.S.C. § 1997(e), and that the complaint be **DISMISSED without prejudice**, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 8, 2010.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**