IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEONARD WINDELL WATERS,

    Plaintiff,

v.                                            CASE NO. 1:07-cv-00163-MP-WCS

ALACHUA CITY POLICE DEPARTMENT, ALACHUA COUNTY SHERIFF
DEPARTMENT AND JAIL, CHARLES J CRIST, SADIE DARNELL, FLORIDA PRISON
HEALTH SERVICE, JACKSON CORRECTIONAL INSTITUTION, MARY MCCLENTON,
STATE OF FLORIDA, STATE OF FLORIDA DEPARTMENT OF CORRECTIONS, STATE
OF FLORIDA DEPARTMENT OF LAW ENFORCEMENT, RON WOHL,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Report and Recommendation, Doc. 53, and on cross motions for summary judgment, Docs. 40 and 57. Originally, Defendants filed their motion for summary judgment, asserting that Plaintiff had failed to exhaust his administrative remedies, and that he had failed to present any evidence of deliberate indifference by the defendant medical staffers to his medical needs. Doc. 40. Plaintiff was informed of his obligation to respond to the motion, which was extended twice, Docs. 46 and 51, but did not respond. The Magistrate Judge then recommended this Court dismiss the case without prejudice for failure to exhaust administrative remedies. Plaintiff timely objected to that recommendation, Doc. 56, and filed his own motion for summary judgment, Doc. 57.

Objected-to recommendations must be reviewed *de novo*, under 28 U.S.C. § 636(b)(1). At the summary judgment stage, the court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A material fact is one "that might affect the outcome of the suit under the governing law," and a "genuine" issue is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

Once Medical Defendants meet their burden of showing the absence of any issues of material fact, the Plaintiff must come forward with admissible evidence of specific facts showing there is a genuine issue for trial as to the elements of the case. Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." Anderson at 252. While *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, a *pro se* litigant is still obligated to follow the same rules of procedure as other litigants. Green v. Dorrell, 959 F.2d 915, 917 (10th Cir. 1992).

Defendants have met their burden of production. In addition to the affidavits and complete records provided in their Motion for Summary Judgment, eight pages of Defendants' Motion for Summary Judgment are dedicated to describing the approximately 28 times the Plaintiff was seen or treated by medical staff in the Alachua County Jail in the 12 months he was there. The arguments and evidence presented by Defendants establish an absence of evidence to support Plaintiff's case. Celotex Corporation v. Catrett, 477 U.S. 317 (1986).

Nowhere in Mr. Waters' six page objection, however, did he argue that he had indeed exhausted his administrative remedies. He merely attached copies of two inmate request/complaint forms, which show he complained about the speed of his treatment, and also

show that he was promptly treated by the medical staff at the Alachua County Jail. Plaintiff does not refute Defendants' sworn assertion that Plaintiff never filed any official grievance related to his medical care. Doc. 40, Ex. 1. Plaintiff's presented evidence may constitute a scintilla, but it would not be sufficient for a reasonable jury to find in his favor. Thus, Defendants are entitled to summary judgment.

After objecting to the Magistrate's Recommendation, Plaintiff filed his own Motion for Summary Judgment, Doc. 57. In that motion, however, Plaintiff failed to allege undisputed facts that show he is entitled to judgment as a matter of law. Indeed, Plaintiff's motion focused mostly on the rules of evidence, then claimed that Defendants' affirmative defenses proved they were guilty, and concluded by asking for $9,999,999. He is incorrect. Under Rule 56(c), the initial burden is on the moving party to show that there is an absence of evidence to support the nonmoving party's case. Celotex Corporation v. Catrett, 477 U.S. 317 (1986). Plaintiff's motion fails to meet that burden.

Mr. Waters' lawsuit has been revealed to be without legal merit. He has failed to exhaust administrative remedies, as he is required to do before filing suit under 42 U.S.C. § 1997(e) requires. Furthermore, even if he had exhausted his administrative remedies, he has offered no credible evidence of deliberate indifference to his medical needs, as a lawsuit under 42 U.S.C. § 1983 requires for a complaint such as his. Farmer v. Brennan, 511 U.S. 825, 835. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 53, is adopted in part and rejected in part, and incorporated herein. Its exhaustion analysis is adopted, as is its recommendation that the Clerk note the cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), but its recommendation that the dismissal of this case be without prejudice is rejected.

2. Defendants' Motion for Summary Judgment, Doc. 40, is GRANTED.

3. Plaintiff's Motion for Summary Judgment, Doc. 57, is DENIED.

4. This case is DISMISSED WITH PREJUDICE.

5. The Clerk is directed to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE AND ORDERED** this   *8th* day of April, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge